UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
LUIS GALLEGOS CALDAS,

                      Petitioner,

          - against -

MARKWAYNE MULLIN, *in his official capacity as Secretary, U.S. Department of Homeland Security*, *et al.*,

                    Respondents.

--------------------------------------------------------x

**<u>MEMORANDUM & ORDER</u>**
26-CV-3295 (PKC)

PAMELA K. CHEN, United States District Judge:

This is yet another case challenging the recent and unprecedented expansion of civil immigration detention by Immigration and Customs Enforcement ("ICE"). For the reasons explained below, the Court again rejects ICE's position that it may—indeed, *must*—detain noncitizens who have been living in this country without regard for whether that detention serves any legitimate purpose. Petitioner, Luis Gallegos Caldas, is one of many people whose constitutional rights have been violated by this policy. His petition for writ of habeas corpus is granted, and Respondents are ordered to release him from custody immediately.

## BACKGROUND

Petitioner Luis Gallegos Caldas is a 47-year-old man and father of two from Ecuador. (Pet., Dkt. 1, ¶ 25.) He was targeted by an organized crime group in Ecuador and, fearing for his life, fled to this country seeking safety. (*Id.*) After crossing the border in 2024, he was apprehended by the Department of Homeland Security ("DHS"), detained, and interviewed to determine whether he had a credible fear of returning to his home country. (*See id.* ¶¶ 1, 25–27.) An immigration judge determined that his fear of torture or persecution was credible and he was released from immigration detention in September 2024. (*See id.* ¶¶ 26–27.) He moved to New

York, found work, and attended scheduled check-ins with ICE while his removal proceedings were ongoing. (*See id.* ¶¶ 27, 29–33.) At one such appointment on March 2, 2026, ICE arrested him without explanation and placed him back in immigration detention. (*Id.* ¶¶ 2, 34–35.) He has now been incarcerated at the Metropolitan Detention Center in Brooklyn, New York for over three months. (*See id.* ¶¶ 4, 36.) He has not received a bond hearing or any other form of individualized custody determination. (*See id.* ¶¶ 2, 4, 84–86.)

On June 2, 2026, Petitioner filed the instant habeas petition through counsel, seeking his release from detention. (*See generally id.*) The next day, the Court entered an order directing Respondents to show cause, in writing, "why a writ of habeas corpus should not be issued and why Petitioner should not be immediately released." (O.S.C., Dkt. 4, at 1.) Respondents filed their response on June 8, 2026. (Resp'ts' O.S.C. Resp. ("Resp."), Dkt. 6.)

## DISCUSSION

Respondents argue that Petitioner is subject to mandatory detention because he was apprehended "shortly after he unlawfully crossed the border," "processed for expedited removal," and "permitted to seek asylum." (Resp., Dkt. 6, at 5.) Therefore, they claim, he falls within the ambit of 8 U.S.C. § 1225(b)(1) ("Section 1225(b)(1)"), which they assert "mandates that he 'shall be' detained pending consideration of his asylum application." (*Id.* (quoting 8 U.S.C. § 1225(b)(1)(B)(ii)) (additional citations omitted).) Respondents contend that Petitioner's previous release into the United States was through a grant of humanitarian parole, (*see id.* at 4), and they argue that he needed to be returned to mandatory detention after that parole expired in September 2025, (*see id.* at 5–6).

The Court disagrees. Indeed, as Respondents acknowledge, "the Court recently rejected the government's arguments on the scope of [Section] 1225(b)(1)" in *Nimaga v. Francis*, No. 26-CV-2868 (PKC), 2026 WL 1656049 (E.D.N.Y. June 8, 2026). (Resp., Dkt. 6, at 1 n.1.) The Court

incorporates its reasoning in that case without repeating it in full. Here, as in *Nimaga*, Petitioner was not "arriving in the United States" when he was re-detained by ICE, and he had been paroled into the United States (regardless of whether that parole had since expired). By the plain terms of the statute, then, Section 1225(b)(1) does not apply. *See Nimaga*, 2026 WL 1656049, at *5.[1]

Ultimately, this case is not meaningfully different from the many others in which the Court has repeatedly rejected Respondents' statutory interpretation of the Immigration and Nationality Act's detention provisions.[2] The Court again holds that Section 1225(b) does not apply. Rather, Petitioner's detention is governed by 8 U.S.C. § 1226(a) ("Section 1226(a)"), which provides that,

---

[1] Respondents heavily rely on *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), (*see* Resp., Dkt. 6, at 5–7), but that case aligns with the Court's interpretation. *Thuraissigiam* recognized that "[i]t was Congress's judgment that detaining *all* asylum seekers until the full-blown removal process is completed would place an unacceptable burden on our immigration system." *Thuraissigiam*, 591 U.S. at 106 (emphasis added). And, crucially, the Supreme Court stated that an asylum seeker who was initially subject to expedited removal proceedings under Section 1225(b)(1) but who was later released into the country would then be subject to re-arrest, detention and removal *under Section 1226(a)*. *See id.* at 119 (explaining that a petitioner released from Section 1225(b)(1) detention "would remain subject to arrest, detention, and removal," citing 8 U.S.C. §§ 1226(a), 1229a(e)(2)).

[2] *See Galeas Miranda v. Maldonado*, No. 25-CV-6882 (PKC), 2026 WL 25405 (E.D.N.Y. Jan. 5, 2026); Order Dismissing Case, *Cordova Vera v. Tellez*, No. 26-CV-0018 (PKC) (E.D.N.Y. Jan. 27, 2026); *Yin v. Maldonado*, No. 26-CV-0103 (PKC), 2026 WL 295389 (E.D.N.Y. Feb. 4, 2026); *Ambroladze v. Maldonado*, No. 26-CV-0473 (PKC), 2026 WL 295405 (E.D.N.Y. Feb. 4, 2026); *R.A.R.R. v. Almodovar*, --- F. Supp. 3d ----, No. 25-CV-6597 (PKC), 2026 WL 323040 (E.D.N.Y. Feb. 6, 2026); *Colindres v. Tellez*, No. 26-CV-0663 (PKC), 2026 WL 509493 (E.D.N.Y. Feb. 23, 2026); *Figueroa Ocampo v. Noem*, No. 26-CV-0999 (PKC), 2026 WL 587643 (E.D.N.Y. Mar. 3, 2026); *J.R.R. v. Genalo*, No. 26-CV-1245 (PKC), 2026 WL 691803 (E.D.N.Y. Mar. 11, 2026); *Molina v. Maldonado*, No. 26-CV-1405 (PKC), 2026 WL 743291 (E.D.N.Y. Mar. 17, 2026); *Molina Lara v. Genalo*, --- F. Supp. 3d ----, No. 2:26-CV-1424 (PKC), 2026 WL 764539 (E.D.N.Y. Mar. 18, 2026); *G.H.H. v. Genalo*, No. 26-CV-1500 (PKC), 2026 WL 785315 (E.D.N.Y. Mar. 20, 2026); *N.G.C. v. Maldonado*, No. 26-CV-1559 (PKC), 2026 WL 816657 (E.D.N.Y. Mar. 25, 2026); *Leiva v. Shanahan*, No. 26-CV-1509 (PKC), 2026 WL 829119 (E.D.N.Y. Mar. 26, 2026); *Shirokikh v. Maldonado*, No. 26-CV-1794 (PKC), 2026 WL 936109 (E.D.N.Y. Apr. 7, 2026); *Arango Carmona v. Maldonado*, No. 26-CV-2005 (PKC), 2026 WL 972780 (E.D.N.Y. Apr. 10, 2026); *Lin v. Genalo*, No. 2:26-CV-2409 (PKC), 2026 WL 1352428 (E.D.N.Y. May 1, 2026); *S.G.V. v. Genalo*, No. 26-CV-2893 (PKC), 2026 WL 1492770 (E.D.N.Y. May 28, 2026).

"[o]n a warrant issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a); *see also Barbosa da Cunha v. Freden*, 175 F.4th 61, 97 (2d Cir. 2026) (Cabranes, J., concurring) ("Because Petitioner was 'already in the country' and not 'seeking admission into' it, his detention is governed by [Section] 1226." (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018))).

Detention under Section 1226(a) is discretionary; immigration authorities "may release" the non-citizen on bond. 8 U.S.C. § 1226(a)(2). "[T]he discretionary authority in [Section] 1226(a) requires an individualized bond determination before a noncitizen may be taken into custody." *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) (citing *Velesaca v. Decker*, 458 F. Supp. 3d 224, 241 (S.D.N.Y. 2020)); *accord Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 494 (S.D.N.Y. 2025) ("[I]t is clear that [Section] 1226(a) requires some exercise of discretion when determining whether or not to detain a noncitizen in the first instance.").

Here, Respondents effectively admit that they *did not exercise discretion* to re-detain Petitioner; rather, they detained him under the (incorrect) assertion that his detention was mandatory pursuant to Section 1225(b)(1). (*See* Resp., Dkt. 6, at 1 (stating that Petitioner is subject to "mandatory" detention under Section 1225(b)(1)).) "Such an assertion is precisely the *opposite* of an exercise of discretion." *Lopez Benitez*, 795 F. Supp. 3d at 495. Respondents detained Petitioner pursuant to the wrong statute, without any individualized custody determination, prior notice, or opportunity to be heard. Accordingly, for the reasons set forth in the Court's prior decisions, and countless other decisions across the country, Respondents' actions violated the Immigration and Nationality Act and Petitioner's procedural due process rights. *See, e.g., R.A.R.R. v. Almodovar*, --- F. Supp. 3d ----, No. 25-CV-6597 (PKC), 2026 WL 323040, at *4–5 (E.D.N.Y.

4

Feb. 6, 2026) (applying balancing test of *Mathews v. Eldridge*, 424 U.S. 319 (1976), and concluding that the petitioner's detention violated his procedural due process rights where Respondents erroneously treated the petitioner as subject to mandatory detention under Section 1225(b)); *see also Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 504 (S.D.N.Y. 2025) (holding that the petitioner's detention "pursuant to the wrong statute violated due process"); *M.K. v. Arteta*, No. 25-CV-9918 (LAK), 2025 WL 3720779, at *2, *8–9 (S.D.N.Y. Dec. 23, 2025) ("Having determined that [Section 1225(b)(1)] is inapplicable to [an individual living in the United States for over two years], the Court concludes that [the petitioner's] detention pursuant to the wrong statute is unlawful."); *Yao v. Almodovar*, 813 F. Supp. 3d 461, 476 (S.D.N.Y. 2025) (concluding that "ICE's discretion-free detention of [the petitioner] abridged his rights under [Section] 1226 and violated due process," and collecting cases holding the same).[3]

The appropriate remedy for Petitioner's unlawful detention is release. *See Yao*, 813 F. Supp. 3d at 477 ("A bond hearing after the fact, by definition, would not and cannot cure [the] constitutional violation. Although [the petitioner's] release today cannot cure his loss of liberty . . . , this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so." (collecting cases ordering same remedy)); *Y-C- v. Genalo*, No. 25-CV-6558 (NCM), 2025 WL 3653496, at *7 (E.D.N.Y. Dec. 17, 2025) (concluding that "no

---

[3] Because the Court finds that Petitioner's detention violated his procedural due process rights, it does not separately address his substantive due process claim. *See J.M.P. v. Arteta*, 807 F. Supp. 3d 265, 288 n.19 (S.D.N.Y. 2025) ("Because the procedural and substantive due process inquiries overlap, and because any distinction between the resulting remedies would be largely academic in this case, the Court does not separately address substantive due process concerns." (citation modified) (citing *Black v. Decker*, 103 F.4th 133, 142 n.12 (2d Cir. 2024))). The Court also does not reach Petitioner's APA claim. *See M.K.*, 2025 WL 3720779, at *9 n.80 (declining to reach APA claim where the petitioner's "statutory challenge [had] merit and warrant[ed] the requested relief").

relief short of petitioner's immediate release would be appropriate or sufficient" in light of the constitutional violations suffered).

## CONCLUSION

The petition for writ of habeas corpus, (Pet., Dkt. 1), is granted. Respondents are ordered to release Petitioner from custody **immediately** and no later than **5:00 p.m. on June 13, 2026**. Respondents shall release Petitioner subject to the conditions at which he was at liberty before he was detained, without any additional constraints on his liberty. Respondents are further directed to return to Petitioner any and all funds and property seized from Petitioner at the time of his arrest. Respondents are directed to certify compliance with the Court's Order by filing a letter on the docket no later than **5:00 p.m. on June 15, 2026.**

Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments) without prior notice to and authorization from the Court. Respondents may not re-detain Petitioner without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, at which Respondents will have the burden of showing that Petitioner's re-detention is authorized under Section 1226.

Petitioner's deadline to apply for fees under the Equal Access to Justice Act is thirty (30) days from a final judgment in this action. *See* 28 U.S.C. § 2412(d)(1)(B). The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 12, 2026
Brooklyn, New York

6